UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO:     Frank E. Senk; Counsel of Record

FROM:   Judge Peter J. Messitte

RE:     Senk v. IQVIA, Inc.
        No. 21-cv-1756

DATE:   March ___, 2024

\* \* \*

*Pro se* Plaintiff Frank E. Senk has filed a Petition for Plaintiff Exhibits (ECF No. 66). He requests, among other things, that the Court "accept" a document identified by him as "Exhibit 21" in the parties' Joint Proposed Pretrial Order. That exhibit, the Court understands, is comprised of Senk's declaration in support of his opposition to IQVIA's prior Motion for Summary Judgment, the declaration of his attorney at the time, and associated exhibits to those declarations. Senk additionally asks the Court to order defense counsel to disclose to Senk a document that he identified in the Joint Proposed Pretrial Order as "IQVIA Memo."

IQVIA has filed a response opposing these aspects of Senk's requests for relief but does not object to Senk's other requests. *See* ECF No. 67. IQVIA opposes the Court's acceptance of "Exhibit 21" primarily on hearsay grounds. It opposes Senk's request that the Court order defense counsel to produce the "IQVIA Memo" because that document was identified by Senk, not IQVIA, in the Joint Proposed Pretrial Order, and defense counsel does not know what document Senk had in mind.

As to Senk's request that the Court "accept" Exhibit 21, the Court will **DEFER** ruling on the matter until trial, when Senk and defense counsel can argue about the document(s) admissibility.

As to the "IQVIA Memo," it appears from a review of the Joint Proposed Pretrial Order and the parties' summary judgment briefing that this phrase refers to IQVIA's Memorandum in Support of its Motion for Summary Judgment. *See* ECF No. 32-1. Although defense counsel would ordinarily be under no obligation to produce it to him, it would be expeditious for defense counsel simply to send a copy to Senk, so defense counsel **SHALL** send a copy to Senk.

Senk has additionally filed a Petition to Use Laptop at Trial (ECF No. 68). Senk represents that he intends to use his personal laptop at trial to display exhibits.

Counsel and parties regularly use laptops to display exhibits at trial, so the Court will **GRANT** Senk's request, subject to the condition that he bring sufficient paper copies of each and every exhibit he intends to introduce. As a reminder, the Court's Memorandum Regarding Trial Procedures for Civil Cases requires "a courtesy copy of all exhibits (except impeachment exhibits) a party intends to introduce, bound in a three-ring notebook binder" in nonjury civil trials. For ease of administration, the Court also encourages the parties to bring a separate copy of exhibits for the opposing party and another copy for the Courtroom Deputy.

Finally, Senk has filed a Petition List of GCE Staff to GenInvo (ECF No. 69), wherein he requests that the Court order defense counsel to "provide the list of GCE staff who moved to GenInvo before IQVIA's acquisition of GCE Solutions International, LLC." *Id.* Senk believes the list in question is "IQVIA's Exhibit B" or the "Equityholder Agreement," which is currently under seal. *See id.* The Court understands Senk's Petition to refer to ECF No. 34, a sealed document that was submitted as Exhibit B to Greg Dearhammer's declaration in support of IQVIA's Motion for Summary Judgment. Again, it will simplify matters if defense counsel simply provides Senk a copy, so defense counsel is directed to do so.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly, and to send a copy of this Order to the email listed for Senk on the case's docket.

                                                    Peter J. Messitte
                                                 United States District Judge

CC:     Court file